Matter of C.A. v K.A.
2026 NY Slip Op 03724
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of C.A., Petitioner-Respondent,
v
K.A. Respondent-Appellant.

Decided and Entered: June 11, 2026
Docket No. V-11602/21-21A|Appeal No. 6856|Case No. 2024-06617|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

Marion C. Perry, New York, for appellant.
Larry S. Bachner, New York, for respondent.

[*1]
Appeal from order, Family Court, Bronx County (Erin E. Browne, Ref.), entered on or about September 30, 2024, which, after a hearing, granted the petition to modify the parties' prior custody order and awarded petitioner sole legal and physical custody of the subject child, unanimously dismissed, without costs, as moot.
The appeal is rendered moot because the child has reached the age of majority and thus can no longer be the subject of a custody order (see Family Ct Act §§ 651; 119[c]; Matter of Darisa D. v Bienvenida D., 26 AD3d 222, 223 [1st Dept 2006]). We find that no exception to the mootness doctrine applies (see Matter of Ahdawantazalam A. v Georgilia A., 165 AD3d 519 [1st Dept 2018]).
As this Court has determined that the appeal is moot, the application by respondent's assigned counsel to withdraw is granted. We do not reach the issue of whether any nonfrivolous issues could be raised on appeal (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1st Dept 1976]), and instead sua sponte relieve counsel from representation of respondent, as his representation on this appeal has been rendered moot by virtue of this order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026